IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY LEE CRISTEL, #31352,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-02108-JPG |
| ) | |
| **OFFICER SEVEIRENO,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Terry Lee Cristel, a detainee at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that Officer Seveireno placed him in danger of serious physical harm by punishing every inmate in B Block with a 48-hour denial of television because of "Plaintiff's mouth" on September 11, 2021. (Doc. 1, pp. 1-10). Moments after the officer unplugged the television, Plaintiff was attacked and injured by another inmate. *Id*.

The Complaint is now subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. *Id*. The factual allegations in a *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As explained in more detail below, Plaintiff filed this lawsuit against Officer Seveireno outside of the 2-year statute of limitations applicable to his § 1983 claim. Therefore, the Complaint and this action shall be dismissed with prejudice as being time-barred.

### The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-10): While he was detained at St. Clair County Jail for a probation violation, Plaintiff was attacked and injured by another inmate on September 11, 2021. *Id*. at 6, 8. Earlier the same day, Plaintiff asked Officer Seveireno for cleaning supplies several times. After the third request, Officer Jermain pulled Plaintiff out of B Block and asked why he was causing problems. Plaintiff explained that he simply requested cleaning supplies. Officer Jermain ordered Plaintiff to return to the unit, and Plaintiff complied.

When re-entering the cell block, Officer Seveireno unlocked the door and re-locked it. Once Plaintiff was inside the locked cell block, Officer Seveireno informed all inmates that they just lost television privileges for 48 hours because of "Plaintiff's mouth." *Id*. With that, Officer Seveireno unplugged the television.

Moments later, Plaintiff was attacked by another inmate, who followed Plaintiff back to his cell and punched him in the face, nose, mouth, and upper body. After the attack, Plaintiff made his way to the dayroom and pushed the emergency call button to request help. He was called out of B Block and taken to the health care unit for treatment of his injuries. A nurse cleaned the blood from his face and gave him an ice pack, while Sergeant Chambers took his statement and photographs of his injuries. The next day, Officer Harris informed Plaintiff he would be released on a recognizance bond, and he was released without delay on September 12, 2021. *Id*.

### Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint: Officer Jermain, Officer Harris, Sergeant Chambers, and a nurse. The Court will not treat these individuals as defendants, and all claims against them

are considered dismissed without prejudice.  *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate one claim in the *pro se* Complaint:

> **Count 1:** Fourteenth Amendment claim against Defendant for failing to protect Plaintiff from an inmate attack at St. Clair County Jail on September 11, 2021.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Count 1 is barred by the 2-year statute of limitations applicable to this federal constitutional claim.  Although § 1983 contains no statute of limitations, the Court borrows the statute of limitations for personal injury actions that apply in the state where the alleged injury occurred.  *See* 42 U.S.C. § 1983; *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998).  Plaintiff's injury occurred in Illinois, so this Court looks to Illinois state law for the applicable limitations period.  A 2-year statute of limitations applies to personal injury claims in Illinois.  735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

Therefore, Plaintiff was required to bring suit within 2 years of his injury.  According to the Complaint, Plaintiff's injury occurred on September 11, 2021, so he should have filed this lawsuit in federal court no later than September 11, 2023.  Plaintiff did not sign the Complaint

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

until August 3, 2024 or file it until September 3, 2024.  (Doc. 1, p. 7).  This was almost a year after the limitations period for his claim expired.  Count 1 is thus time-barred.

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is facially plausible.  *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Twombly,* 550 U.S. at 570; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013)).  The allegations must raise a right to relief above the speculative level.  *Id*. (citing *Twombly,* 550 U.S. at 555).  A plaintiff can plead himself out of court by setting forth factual allegations that clearly establish he is not entitled to relief as a matter of law.  *Id*. (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)).  Although a plaintiff is not required to overcome affirmative defenses when preparing a complaint, such as those based on the statute of limitations, the district court may dismiss a complaint if a plaintiff alleges facts sufficient to establish a statute of limitations defense.  *Id*. (citing *Cancer Fndtn., Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674–75 (7th Cir. 2009)).

Here, the allegations clearly show that Plaintiff brought this § 1983 Complaint well beyond the 2-year limitations period.  As such, Plaintiff has pleaded himself out of court by setting forth facts that establish that his claim is time-barred.  Count 1 shall be dismissed with prejudice.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED with prejudice** against Defendant Seveireno because the only claim is time-barred.  As no other claims remain pending, the entire action is **DISMISSED** with prejudice.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED.

R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/6/2024**                                     **s/J. Phil Gilbert**
                                                         **J. PHIL GILBERT**
                                                         **United States District Judge**